UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                  Case No. 24-cr-20525

v.

                                             Hon. Sean F. Cox

DESHAWN McINTOSH, JR.,                 United States District Court Judge

       Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTIONS TO DISMISS INDICTMENT (ECF No. 15) AND**
**SUPPRESS EVIDENCE (ECF No. 16)**

      Defendant Deshawn McIntosh was indicted for possessing a Glock pistol as a felon in

violation of 18 U.S.C. § 922(g)(1) after police recovered a gun with his DNA on it during a

traffic stop of a Chevrolet in Warren, Michigan.  McIntosh argues that his indictment violates his

rights under the Second Amendment, and that the traffic stop violated his rights under the

Fourth.  But McIntosh fails to show that he is not dangerous enough to constitutionally disarm,

and police had probable cause to stop and search the Chevy.  The Court accordingly shall deny

McIntosh's motions to dismiss his indictment and suppress evidence.

**BACKGROUND**

      McIntosh's indictment in this case was not his first run-in with the law.  He was involved

in a spree of carjackings in 2007 when he was seventeen years old that resulted in convictions for

two counts of felony intent to do great bodily harm less than murder, four counts of felony

carjacking, two counts of felony armed robbery, and a few gun charges.

      Turning to the instant case, Warren, Michigan police officer David Krajewski was on

patrol in a police vehicle on December 28, 2023, when he saw a white Chevrolet Equinox exit

the parking lot of a Meijer store, make a wide right turn, and cross the center lane of the road. Krajewski drove past the Chevy and saw an individual later identified as McIntosh in the passenger seat not wearing his seatbelt. Krajewski made eye contact with McIntosh as McIntosh to take off his coat. Krajewski followed the Chevy for a time and ultimately pulled it over.

As Officer Krajewski approached the Chevy, he smelled an odor of alcohol coming from the vehicle. Krajewski shined his flashlight in the backseat of the car and saw McIntosh's jacket spread out in the backseat. Krajewski thought that McIntosh had concealed a firearm under the jacket, so Krajewski called for backup and returned to his police vehicle. Another officer, Officer Rucinski, soon arrived, and Krajewski walked back up to the Chevy.

Officer Krajewski asked the driver for his license and proof of insurance, and Officer Rucinski shined his light in the backseat of the Chevy. Rucinski then said, "I got a gun back here," and his bodycam recorded the barrel of an AR-15–style rifle protruding from under McIntosh's jacket. Krajewski then pulled the driver out of the vehicle, and McIntosh tried to run. But another officer already had a hand on McIntosh, and McIntosh was quickly taken to the ground and arrested. Officers subsequently recovered an AR-15–style rifle and a Glock pistol from the Chevy, and a DNA swab revealed McIntosh's DNA on the Glock.

This prosecution followed, and the grand jury indicted McIntosh for possessing the Glock as a felon in violation of 18 U.S.C. § 922(g)(1). McIntosh now moves to dismiss his indictment under the Second Amendment and to suppress the evidence recovered during Officer Krajewski's traffic stop under the exclusionary rule. McIntosh's motions were fully briefed, and the Court held an evidentiary hearing on March 19, 2025. At that hearing, the Government offered testimony from Officer Krajewski, footage from Krajewski's dashcam, footage from Officers Krajewski's and Rucinski's bodycams, and still images of the Chevy that were taken

after the stop.  Also at that hearing, McIntosh's counsel agreed that McIntosh had been convicted of the offenses discussed above in connection with his 2007 carjacking spree.

## ANALYSIS

### I.      Motion to Dismiss

McIntosh moves to dismiss his § 922(g)(1) indictment under the Second Amendment. The Second Amendment states that "the right of the people to keep and bear arms[] shall not be infringed," U.S. Const. amend. II, and the Sixth Circuit recently announced in *United States v. Williams* that that this language only permits Congress to disarm dangerous individuals, 113 F.4th 637 (6th Cir. 2024).  Courts accordingly must dismiss felon-in-possession indictments if the defendant "demonstrate[s] that he is not dangerous, and thus falls outside of § 922(g)(1)'s permissible scope." *Williams*, 113 F.4th at 657.  In assessing whether a defendant discharges this burden, "[c]ourts may consider any evidence of past convictions in the record, as well as other judicially noticeable information." *Id.* at 660.

Convictions for "crimes against the person" are highly probative of dangerousness because they "speak directly to whether an individual is dangerous." *Id.* at 659.  Here, McIntosh was convicted of several crimes against the person in connection with his carjacking spree in 2007,[1] and McIntosh offered no affirmative evidence of non-dangerousness.  McIntosh accordingly fails to show that he is not dangerous enough to constitutionally disarm, and the Court shall deny his motion to dismiss.

### II.     Motion to Suppress

McIntosh also argues that the evidence recovered from Officer Krajewski's stop must be suppressed for three reasons.  *First*, because Krajewski lacked any legal basis to stop the Chevy

---

[1] McIntosh's gun convictions are also probative of his dangerousness. *See United States v. Morton*, 123 F.4th 492, 500 (6th Cir. 2024).

3

in the first instance.  But Krajewski testified that he saw McIntosh not wearing his seatbelt before he stopped the Chevy, and "Michigan law requires most individuals in the front seat of a vehicle to wear a seatbelt, and it makes the failure to do so a civil infraction."  *United States v. Brooks*, 987 F.3d 593, 599 (6th Cir. 2021).  And police who observe that a person is "likely committing a civil seatbelt infraction" have "probable cause to stop the vehicle under the Fourth Amendment."[2]  *Id.*  Krajewski therefore lawfully stopped the Chevy.

*Second*, McIntosh argues that even if Officer Krajewski observed a civil infraction, the fact that he followed the Chevy for a time before he stopped it is dispositive.  Specifically, McIntosh argues that the delay between Krajewski observing a civil infraction and stopping the Chevy stop that the infraction was a mere pretext for the stop.  McIntosh may be right, but it does not matter.  Under "black-letter" Fourth Amendment law, "officers may stop a car as long as they objectively have probable cause that an occupant of the car has committed a traffic offense, even if they subjectively do so for a different reason."  *Id.* at 599.

*Third* and last, McIntosh argues that officers unlawfully searched the Chevy.[3]  According to McIntosh, Officer Krajewski only had probable cause to search the Chevy (if at all) *after* Krajewski ordered him and the driver to exit the vehicle, but a Fourth Amendment search began the moment Krajewski gave that order.  But McIntosh could not point to any case (and the Court is not aware of any) holding that a vehicle or its occupants are necessarily searched within the meaning of the Fourth Amendment when police lawfully order individuals to exit a vehicle.  Moreover, "courts have routinely held that passengers who have no expectation of privacy or

---

[2] That Officer Krajewski saw the Chevy cross the center line of the road may also have given him probable cause for a stop. *See, e.g.*, *People v. Rappette*, No. 352988, 2021 WL 1050361 (Mich. Ct. App. March 18, 2021) (per curiam).

[3] McIntosh raised this argument for the first time at the evidentiary hearing.

possessory interest in a stopped vehicle do not have standing to challenge the validity of a subsequent search of that vehicle on Fourth Amendment privacy grounds." *United States v. Bah*, 794 F.3d 617, 626 (6th Cir. 2015). McIntosh merely assumes he has Fourth Amendment standing, but he introduced no evidence showing as much.

McIntosh fails to show that Officer Krajewski's stop violated his Fourth Amendment rights, and the Court shall deny McIntosh's motion to suppress.

## CONCLUSION & ORDER

McIntosh's indictment for violating § 922(g)(1) did not violate his rights under the Second Amendment and his interaction with Warren police on December 88, 2023, did not violate his rights under the Fourth. Accordingly, **IT IS ORDERED** that McIntosh's motions to dismiss his indictment (ECF No. 15) and suppress evidence (ECF No. 16) are **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 16, 2025