UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                            Case No. 24-cr-20525

v.
                                                        Hon. Sean F. Cox
DESHAWN McINTOSH, JR.,                                United States District Court Judge

    Defendant.
_____/

**MEMORANDUM OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 28)**

In this criminal case, Defendant Deshawn McIntosh was indicted for possessing a firearm as a felon following a traffic stop in Warren, Michigan, on December 28, 2023. On that day, McIntosh was a passenger in a Chevrolet that another individual was driving. Warren, Michigan, police officer David Krajewski pulled over the Chevy to investigate a seatbelt violation and later recovered a gun in the vehicle. McIntosh's DNA was on that gun, and his indictment in this case charges him with possessing that gun as a felon.

McIntosh later filed a motion to suppress the evidence Officer Krajewski recovered during the stop. (ECF No. 16). McIntosh's motion argues only that the stop was unlawful from its inception. The Government filed a response to McIntosh's motion on January 28, 2025 (ECF No. 20), thus McIntosh's reply brief was due on or before February 5, 2025, *see* L.R. 7.1(e)(1)(B). McIntosh instead waited until March 7, 2025, to file a reply brief, and that brief argues for the first time that even if the stop was initially lawful, it lasted longer than necessary to investigate a seat belt violation. (ECF No. 23).

1

The Court held an evidentiary hearing on McIntosh's motion on March 14, 2025. At that hearing, McIntosh reiterated his position that the stop was unlawful from its inception. McIntosh also argued for the first time that Krajewski lacked probable cause to search the Chevy. But McIntosh did not address his (untimely) argument the stop had lasted too long. The Court denied McIntosh's motion without considering whether the stop's duration had violated his rights.

McIntosh now moves the Court to reconsider. Motions for reconsideration of non-final orders are "disfavored" and "may be brought *only* upon the following grounds": (1) "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision"; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. L.R. 7.1(h)(2).

McIntosh argues that the Court erroneously denied his motion to suppress because Officer Krajewski detained him for longer than necessary to investigate a seat belt violation. Indeed, "once the purpose of [a] traffic stop is completed, a police officer 'may not further "detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention."'" *United States v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008) (quoting *United States v. Blair*, 524 F.3d 740, 752 (6th Cir. 2008)). According to McIntosh, Krajewski had all the information he needed to ticket the driver of the Chevy for a seat belt violation before he had any lawful reason to investigate other crimes, yet Krajewski nevertheless extended McIntosh's detention.

McIntosh's challenge is not well taken.  For one thing, McIntosh already raised this issue in his untimely reply brief and then abandoned it at the evidentiary hearing.  The Government accordingly has never addressed this issue and McIntosh essentially raises it now for the first time.  *See Saltmarshall v. VHS Child.'s Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019) ("A motion for reconsideration is not intended as a means to allow a losing party . . . to introduce new arguments.").  For another, even if Officer Krajewski had all the information he needed to ticket the driver for a seat belt violation while McIntosh was detained, Krajewski had at least reasonable suspicion to extend McIntosh's detention to investigate other crimes based on McIntosh's and the driver's conduct before and during the stop.

Accordingly, **IT IS ORDERED** that McIntosh's motion for reconsideration (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  May 15, 2025


I hereby certify that on May 15, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First-Class Mail.

s/Caitlin Shrum<br>
Case Manager

3