UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 2:24-cv-20525

v.                                           Honorable Susan K. DeClercq
                                                United States District Judge

DESHAWN McINTOSH, JR.,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (ECF No. 32)**

In September 2024, Defendant Deshawn McIntosh Jr. was indicted on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The indictment further alleged that McIntosh had "at least three previous convictions for a violent felony or a serious drug offense," thus subjecting him to enhanced penalties under 18 U.S.C. § 294(e)(1). *Id.* McIntosh now challenges the alleged basis of the enhanced penalties and seeks dismissal of that portion of the indictment. ECF No. 32. But, as explained below, McIntosh's motion will be denied.

**I. BACKGROUND**

On December 28, 2023, Defendant Deshawn McIntosh Jr.—who has prior criminal convictions for carjackings, armed robbery, and assault with intent to do great bodily harm less than murder—was a passenger in a car that was stopped by a police

officer in Warren, Michigan. *See* ECF No. 26 at PageID.115–16 (detailing circumstances surrounding the traffic stop). During that traffic stop, officers "recovered an AR-15-style rifle and a Glock pistol." *Id.* at PageID.116. A DNA swab revealed McIntosh's DNA on the Glock. *Id.*

Nine months later, a federal grand jury indicted McIntosh on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The indictment further alleged that because McIntosh had "at least three previous convictions for a violent felony or serious drug offense, committed on occasions different from one another," McIntosh would be subject to not less than 15 years' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *Id.*

In January 2025, McIntosh filed a motion to dismiss the entire § 922(g)(1) charge, ECF No. 15, and a motion to suppress the evidence recovered from the December 28, 2023, traffic stop, ECF No. 16. Both motions were denied in April 2025. ECF No. 26.

On May 12, 2025, McIntosh filed a motion to dismiss the ACCA sentencing enhancement alleged in the indictment, ECF No. 32, which the Government opposes, ECF No. 35. Ten days after McIntosh filed this motion, the case was reassigned to the undersigned pursuant to Local Criminal Rule 57.10.

## II. STANDARD OF REVIEW

A defendant may challenge a defect in an indictment by filing a motion to dismiss before trial. FED. R. CRIM. P. 12(b)(3)(B). Under Criminal Rule 12, a defendant may raise pretrial "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). Indeed, "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based," but focus only on the four corners of the indictment. *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001).

## III. ANALYSIS

Under the ACCA, people convicted of felonious possession of a firearm face an enhanced sentence if they have three or more prior "violent felony" or "serous drug offense" convictions committed on different "occasions." 18 U.S.C. § 924(e)(1). A prior "violent felony" is any crime punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 922(e)(2)(B)(i). As relevant to McIntosh's motion, to trigger the enhanced sentence, each prior "violent felony" or "serious drug offense" conviction must be committed "on occasions different from one another." *Id.* § 924(e)(1).

McIntosh argues that two of the three convictions the Government relies on to trigger the ACCA enhancement were not committed on "occasions different from one

another." *Id.*; *see also* ECF No. 32 at PageID.264–66. Specifically, McIntosh alleges that two of the carjacking convictions were committed on the *same* occasion because the two carjackings were part of the same "spree," carried out 65 minutes apart. *Id.* at PageID.266. The Government—which characterizes the carjackings as separate occasions—responds that McIntosh's argument is a factual dispute which, under recent Supreme Court precedent, must be decided by the jury and not the Court. ECF No. 35 at PageID.279–83.

The Government is correct. The Supreme Court recently announced that "the Fifth and Sixth Amendments require a unanimous jury to determine whether a defendant's past offenses were committed on separate occasions" such that the ACCA enhancement would be triggered. *United States v. Campbell*, 122 F.4th 624, 629 (6th Cir. 2024) (citing *Erlinger v. United States*, 602 U.S. 821, 833–34 (2024)). In this way, the different-occasions question must be submitted to the jury, and it may not be decided by the Court on a motion to dismiss. Thus, McIntosh's motion will be denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 32, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

                                          */s/Susan K. DeClercq*
                                          SUSAN K. DeCLERCQ
                                          United States District Judge

Dated: June 4, 2025